UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE C. DEVELLIS,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration

Defendant.

_____/

Case No. 14-cv-11643

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
PATRICIA T. MORRIS

**ORDER GRANTING PLAINTIFF'S APPLICATION
FOR ATTORNEY FEES [22] IN PART**

**I. INTRODUCTION**

Before this Court is Plaintiff's application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The EAJA allows for the payment of fees and other expenses to a prevailing party against the government in litigation. Plaintiff requests attorney fees in the amount of $5,066.00 and expenses in the amount of $72.68, representing 29.8 hours of attorney work multiplied by an hourly rate of $170.00. Defendant does not dispute that Plaintiff is entitled to attorney fees, that Plaintiff's application for EAJA fees was timely filed, or that the hours spent working on this case were reasonable. The dispute in question is whether Plaintiff is entitled to an enhanced hourly rate beyond the statutorily-established $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of this matter.  As such, the Court will determine the present motion on the briefs, *see* E.D. Mich.  L.R. 7.1(f)(2), and will award Plaintiff her attorney fees, but in a lesser amount than requested.

## II. DISCUSSION

To be entitled to attorney's fees under the EAJA, a court must find that (1) the party seeking fees was a prevailing party in a civil action, (2) the party timely filed an application for fees, (3) the position of the agency was not substantially justified, and (4) the fees requested are reasonable. *See* 28 U.S.C. § 2412 (d)(1)(A). A district court has broad discretion when determining whether fees should be awarded under the EAJA and its decision will only be overturned if it abuses its discretion. *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

Here, the only prong at issue is the reasonableness of Plaintiff's requested hourly rate. Plaintiff is the prevailing party since the Court remanded this matter to the Commissioner for further proceedings on her claim for disability insurance benefits. Plaintiff's application was timely filed. Additionally, the Commissioner has made no argument that its position was substantially justified as it stipulated to the remand of this matter to the Commissioner prior to filing its Motion for Summary Judgment. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) ("[T]he government bears the burden of proving that a given position was substantially justified, and it discharges that burden by proving that the position had a reasonable basis in both law and fact.").

With respect to the "hourly rate" awarded to attorney representing prevailing parties against the United States government, the EAJA states, in relevant part:

> The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). When requesting an increased hourly-fee rate, Plaintiff bears the burden of producing appropriate evidence to support such an increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In satisfying this burden, Plaintiff must produce "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Whether an award above the statutory maximum is appropriate, however, is left to the "sound discretion of the district court." *Begley v. Sec. Health & Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992).

Here, Plaintiff relies on the Bureau of Labor Statistics' Consumer Price Index for All Urban Consumers ("CPI-U") to argue that the EAJA anticipates upwards of $190.00 to be an equivalent and reasonable hourly rate in today's dollars—apparently to show that her requested $170.00 hourly rate is a discount from what she is truly owed. However, it is well settled that relying solely on the CPI to support a higher hourly fee amount is insufficient to support an award above the statutory maximum. *See Sleight v. Comm'r of Soc. Sec.*, No. 11-13109, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012) (declining to award fees in excess of the $125.00 hourly rate because the plaintiff based "her request for an increased attorney fee solely on the CPI, and . . . such reliance [is] insufficient to satisfy the burden of proof."); *Page v. Astrue*, 921 F. Supp. 2d 746, 748 (E.D. Mich. 2013) (same); *Tyler v. Comm'r of Soc. Sec.*, No. 12-14527, 2014 WL 1260652, at *3 (E.D. Mich. Mar. 27, 2014) (same).

The Court notes that an increase in the cost of living based on the CPI may be relevant if the plaintiff can also demonstrate "*the effects* of that increase on the attorney's ability to provide adequate legal services." *Darling v. Comm'r of Soc. Sec.*, No. 10-CV-15082, 2012 WL 4759203, at *2 (E.D. Mich. Oct. 5, 2012) (emphasis in original). However, Plaintiff's counsel does not

explain how the increase in the cost of living based on the CPI impacted her ability to provide adequate representation. Thus, the CPI data alone cannot support the increased hourly rate that Plaintiff requests.

Plaintiff's remaining evidence in support of her request also fails to satisfy her burden to demonstrate an increase in the hourly rate is warranted. Plaintiff's counsel contends that she is entitled to the $170.00 hourly rate because she and other attorneys with the same level of experience in social security matters have been paid such a rate in the past. Plaintiff's argument that this Court should simply take judicial notice of previous rates awarded to counsel of comparable skill and experience in three cases within this District is misplaced. "[R]ates awarded in other cases do not set the prevailing market rate—only the market can do that." *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs,* 522 F.3d 657, 664 (6th Cir. 2008). Thus, Plaintiff has failed to produce sufficient evidence demonstrating the prevailing market rate for attorneys handling Social Security disability cases in this District is $170.00 per hour.

However, notwithstanding Plaintiff's failure to establish that $170.00 is in line with rates prevailing in this District for social security cases, the Court agrees that $125.00 is too low a rate. As such, the Court will permit a rate of $150.00. *See Vock v. Comm'r of Soc. Sec.*, No. 13-CV-12753, 2014 WL 6974663, at *5 (E.D. Mich. Dec. 9, 2014) (quoting *Shumaker v. Comm'r of Soc. Sec.*, No. 1:11CV2801, 2013 WL 6501300, at *3 (N.D. Ohio Dec. 11, 2013) for the following proposition: "Since a reasonable increase is appropriate, the Court will permit a rate of $150.00 per hour.").

**III. CONCLUSION**

For the reasons stated above, Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA) [22] is **GRANTED IN PART**. Defendant shall pay Plaintiff $4,470.00 in attorney fees, which is 29.80 hours multiplied by a rate of $150.00. Additionally, Plaintiff is awarded $72.68 in expenses, for a total award of $4,542.68.

IT IS SO ORDERED.

Dated: August 11, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge